# N. Y. SUPERIOR COURT.

## J. Frederick Badenhop agt. Bryan McCahill.

In a bargain to sell *real estate,* where the defendant, the owner, said to the plaintiff— by parol, "I give you the refusal of this property from week to week, and if you do sell it during that time, *you can have the deed in your own name,* so that you can give the deed to the party purchasing." Plaintiff was to sell for not less than $30,000, and defendant was to give him if so sold for his services $300. Plaintiff sold for $31,500:

*Held,* that this was an agreement concerning an interest in lands, and not being in writing, was within the statute of frauds.

*Trial Term, November,* 1870.

Motion for a new trial on the judges minutes.

C. C. Egan, *for plaintiff.*

This action is for services rendered as agent of defendant in the sale of houses and lots No. 113 and 115 Delancy street, under a special (verbal) agreement, that for such services the plaintiff, as compensation should have all that he could get for said property over and above the sum of thirty thousand dollars, and that he would pay to plaintiff out of the thirty thousand dollars, three hundred dollars in addition. The property was sold by plaintiff for thirty-one thousand five hundred dollars, the deed executed and delivered to one Noelke, and the purchase money received by the defendant ($31,500), the contract was entirely executed.

This agreement was in no sense an agreement for an interest in lands on the part of the plaintiff within the purview

of section 6, chap.    of the 3d Revised Statutes, 5th ed.
220; commonly called statutes of frauds (*Fiero* agt. *Fiero*,
52 *Barb.*, 288).

This was a general term decision of the third district,
December 2d, 1867, (PECKHAM, MILLER and INGALLS,
*Justices*.

It decides, "that a parol contract by the owner of lands,
to employ another to dispose of the same for him, and to
pay him a compensation the measure of which is dependent
on the price obtained, is valid and binding." Where such a
contract is executed and carried into effect by the person so
employed, a purchaser having been found, the deed executed
and delivered, and the consideration money paid to the
grantor, it is not a case of a contract void by the statute
of frauds, as being a parol contract relating to land. It is
not a sale of an interest in lands in any sense *Worrall* agt.
*Munn*, (1 *Seld.*, 229 *and* 243), decides "that an authority
for an agent to sell land, may be conferred by parol, and need
not be in writing or under seal."

So also an agreement to procure a sale of lands is not
within the statute of frauds (*Hosford* agt. *Carter*, 10 *Abb.*,
440).

The right to recover for such services is fully sustained
in *Barnard* agt. *Monot*, (33 *How.*, 440), it was held, that
the duty of the broker consisted in bringing the minds of
the vendor and vendee to an agreement together, and he
was entitled to his commission, whether the agreement had
been reduced to writing or not. In *Erben* agt. *Lorillard*, (2d
ed. of Keyes' Court of Appeals, 567, decided 1866), the
following is laid down as good law, "where a person not a
real estate broker is employed to negotiate the purchase in
real estate, he will be entitled for his services to such a sum
as they may be reasonably worth, which may be more or
less than the usual per centage paid to brokers for like
services. The jury, in this case, found for the plaintiff as
compensation for his services two thousand three hundred

dollars, and interest. The leading opinion was delivered by Judge LEONARD, in which all the judges concurred.

Judge LEONARD says in this decision, " where a broker has been employed and no rate or special mode of compensation has been agreed on, the customary rate forms the proper rule of value for his services."

But that rule is not necessarily applicable in an exceptional case like the present.

This court erroneously held at the trial, that the agreement proven by Mr. Badenhop, was void, within the statute of frauds, not being in writing, he further erroneously held, that it was an interest in real estate.

The offer by the plaintiff's counsel to prove the value of the services of Mr. Badenhop, was improperly overruled.

The proof was clearly admissible under the special agreement alleged and proved.

He could recover either upon the special contract or upon the common counts in *indebitates assumpsit* (2 *Wallace, U. S. R.*). So held in the above cited case, and also in *Fiero agt. Fiero* (52 *Barb., above cited*).

The judgment for the defendant, by the direction of the court, should be set aside, and a new trial ordered, with costs to plaintiff.

THOMAS J. McCAHILL, *for defendant.*

In no case can plaintiff recover under the pleadings as they stand.

If he sues under a special agreement, such agreement, must be taken as a whole, and therein we find an offer of the defendant to give a deed of the property to the plaintiff, so that plaintiff might give a deed in his own name ; this being a verbal agreement not only for the sale, but for the conveyance of real estate, it comes within the statute of frauds, and vitiates the whole. (*See Bander* agt. *Snyder,* 5 *Barb.,*

63; *Lathrop* agt. *Hoyt*, 7 *Barb.*, 59; *Ryan* agt. *Dox*, 25 *Barb.*, 440; *Cook* agt. *Eaton*, 16 *Barb.*, 439).

His true and only remedy is to sue for labor and services, and upon showing to the court that his services benefited the defendant to the extent of fifteen hundred dollars, he may recover that amount, but in no case can he recover under the present pleadings.

McCunn, *J.* The evidence of the plaintiff is as follows: Bryan McCahill, the defendant, said to me "I give you the refusal of this property from week to week, and if you do sell it during that time you *can have the deed in your own name*, so that you can give the deed to the party purchasing." It is evident that, after this conversation, Mr. Badenhop is treated by Mr. McCahill as the owner of the property, because he (McCahill) subsequently, at another conversation, in the presence of Dr. Heins, said: "If you want to buy, you will have to buy of Badenhop." The Doctor said: "Badenhop asks too much for the property; I will not give it." McCahill said : "Then you cannot have it." Now, to my mind, this is a verbal agreement to transfer real estate, and not a case that comes within the scope of the decision made in case of *Fiero* agt. *Fiero* (*Haydock* agt. *Stow*, 40 *N. Y.*, 363). This decision was made November 24, 1869. The case of *Fiero* agt. *Fiero* is not authority here. There was an absolute authority to sell the property, and all over the price named the broker was to receive as his pay. This case shows that the grantor, Mr. McCahill, by parol, agreed to give the deed to plaintiff in his (plaintiff's) own name, for $30,000, and that he, McCahill, would give plaintiff $300 for his services. But I doubt the soundness of the rule laid down in *Fiero* agt. *Fiero* case. The learned justice, delivering the opinion of the court, cites cases (*Worrall* agt. *Munn.*, 1 *Seld.*, 229 ; *Hosford* agt. *Carter*, 10 *Abb.* 453; and *Barnard* agt. *Monnot*, 33 *How.*); none of which touch the question before him. The case of *Wor-*

*rall* agt. *Munn* involved the power of an agent to sign a contract for his principal, and no more. The case of *Hosford* agt. *Carter* did not touch the question, because the question there related to the right of a party to sue for his compensation after bringing the parties who were to convey together. And the case of *Barnard* agt. *Monnot*, simply affirms the doctrine, that when a broker brings the parties together his commission, as broker, is earned. So that we are left with the single authority of *Fiero* agt. *Fiero*, to substantiate this new doctrine. But, as I have said, that case is quite different to the one under consideration. There the agreement was, expressly, for any surplus over the price fixed. Here the agreement was—"You get me $30,000 for my property within a week, and I will give you the deed in your own name, or convey the property to you and give you three hundred dollars commission. A clearer case cannot be imagined to invoke the safe rule established by the statute. If this were not so, it can easily be imagined how a combination could be made by designing men to strip a party of his legitimate rights. Indeed, it must be clear to all, that the act was passed to provide against such operations as are detailed in this case. But even if the rule laid down in *Fiero* agt. *Fiero* be correct, it should be guarded, and so strictly construed as not to open the breach wider, because it is verging on the very limits of the statute, should not in any case, or in any way, be enlarged. If the plaintiff in this case had sued for the value of his services, I have no doubt he could have recovered a fair compensation; but as the pleadings and proof now stand, it is clearly a case within the statute, and he cannot therefore succeed. The law in real estate matters, and the powers of agents and brokers are well defined in the case of *Haydock* agt. *Stow* (4 *N. Y.*, 363), and I think, it must govern in this action. I find in the English books (*Kelly* agt. *Webster*, 12 *C., B.* 283, 16th *Jur.* 838, 21 *L. J. C. P.* 163), some very important authorities on the question before us. The case of *Kelly* agt. *Webster*, cited above,

Badenhop agt. McCahill.

was an action on a verbal agreement between plaintiff and defendant, that, in consideration of plaintiff giving defendant immediate possession of a house which plaintiff held and occupied under an agreement with his landlord for years, and of the fixtures, &c., the defendant would pay £100. The landlord agreed to the change of tenants, and the plaintiff gave up possession to defendant, who paid a portion of the hundred pounds, but did not pay the balance. Plaintiff sued to recover the balance. Held, this was a contract concerning the interest in lands, and that, as it was not in writing, the statute of frauds prevented any action being maintainable, although part of it was performed. I will say here that our statute is precisely the English statute re-enacted. It will be seen that the English case I have cited is a stronger case for the defense than any to be found in our books, thereby exhibiting the jealousy with which they construe their enactments relating to transactions in real property.

There is another reason why in this action the plaintiff cannot recover. In a great city such as ours, real estate increases in value daily, and so largely and rapidly that it would be most hazardous to allow a verbal power such as is testified to, running from Saturday to Saturday, to sell large and valuable quantities of real estate, to take effect. It would unsettle the well-defined powers of brokers and others in real estate transactions, and would place the unwary at the mercy of designing men.

The motion on the minutes for a new trial must be denied.